IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
     v.                     )        2:15cr411-MHT
                            )            (WO)
ALICIA NICOLE ADAMS         )
```

OPINION AND ORDER

This case is before the court on defendant Alicia Nicole Adams's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for February 8, 2016, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Adams in a speedy trial. The government has recommended Adams for pretrial

2

diversion, and the United States Probation Office is in the process of completing an investigation report and recommendation, but these will not be finished before the date this case is currently set for trial. Both the government and Adams have an interest in her entrance into the pretrial diversion program, and both would be severely prejudiced by the denial of a continuance. Indeed, denying pretrial diversion to an eligible defendant would constitute a miscarriage of justice. A continuance is therefore warranted to allow both the government and Adams time to complete the process of applying for pretrial diversion.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Alicia Nicole Adams's unopposed motion to continue trial (doc. no. 15) is granted.

(2) The jury selection and trial, now set for February 8, 2016, are reset for April 18, 2016, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of January, 2016.

                                        /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**